IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MOHAMED ALI RAWAID                                                                        PLAINTIFF

v.                                        No. 5:07CV00257 JLH

PETER D. KEISLER, Acting Attorney General,
U.S. Department of Justice, *et al.*                                                      DEFENDANTS

**OPINION AND ORDER**

Mohamed Ali Rawaid has filed a petition for hearing on his naturalization application pursuant to 8 U.S.C. § 1447(b).  The U.S. Citizenship and Immigration Services has filed a motion to remand to continue a background investigation.  Rawaid opposes the remand but argues that, if the case is remanded, it should be remanded with instructions, specifically an instruction that includes a deadline within which the United States Citizenship and Immigration Services must act.

Rawaid is a citizen of Yemen and a permanent resident of the United States.  He resides in Forrest City, Arkansas.  He owns the Quik Mart Store in Forrest City.  He and a cousin own A&S Quik Mart in Pine Bluff, Arkansas.  He also has other business interests in the United States.

Rawaid filed an application for naturalization on May 10, 2005.  He filed his petition in this Court on October 9, 2007.  His petition in this Court requests a hearing on his naturalization application pursuant to 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

USCIS argues that the 120-day period has not commenced in this case because the examination is

not yet complete due to the fact that additional information has been requested. However, the USCIS concedes that the majority of courts have held that the 120-day period commences on the date the applicant is interviewed, not on the date that the investigation is complete. *See Walji v. Gonzales*, 500 F.3d 432, 435-38 (5th Cir. 2007); *Ghaney v. Heinauer*, 2008 WL 652028, at *3 (W.D. Mo. March 4, 2008). This Court is convinced by the reasoning in the majority of decisions, which hold that the date of the "examination" referenced in section 1447(b) is the date on which the applicant is interviewed, not the date on which the entire investigation is completed. It is undisputed that Rawaid was initially interviewed on March 6, 2006. When Rawaid commenced this action some 19 months later, the USCIS had not made a determination on his application for naturalization. Therefore, this Court has jurisdiction.

      Although Rawaid asserts in his response to the motion to remand that the Court should deny the motion to remand and conduct a hearing, he actually devotes most of his argument to the proposition that, if the Court remands the application to the USCIS, it should do so with clear instructions and deadlines. In *Ghaney*, for example, the court remanded with instructions that the USCIS make a decision on the application for naturalization within 30 days after receiving a completed background check from the FBI and that the FBI complete the name check process within 60 days. Here, the Director of the Memphis Field Office of the USCIS has filed a declaration stating that the FBI name checks on Rawaid's application have been completed, the FBI fingerprint checks have been completed, and the preliminary Interagency Border Inspection System checks have been completed. Those were all of the background checks mentioned in the declaration as checks that must be completed before adjudication of the application for naturalization.

      According to the declaration, Rawaid was interviewed a second time at the Memphis Field

Office on March 5, 2008, at which time the USCIS requested additional information to be provided by April 15, 2008. Rawaid's response to the motion to remand shows that he provided substantially all of the information requested by the USCIS on March 21, 2008.[1] However, he refused to provide a list of his employees with their complete names, dates of birth, and current addresses absent a court order.

Because the USCIS is far more able than the Court to adjudicate naturalization applications, the Court will remand with instructions. Because all of the necessary background checks apparently have been completed, there is no reason to specify in the remand order a period of time within which the necessary background checks should be completed. From the information provided, it appears that Rawaid's application for naturalization should be ripe for decision after the USCIS receives a list of all of Rawaid's employees, with their complete names, dates of birth, and current addresses. Therefore, the Court remands this matter to the USCIS. The Court orders that Rawaid provide that information and that the USCIS make a decision on Rawaid's application within 60 days after receiving that information. The Court also orders the clerk to seal the exhibits to Document #16.

IT IS SO ORDERED this 8th day of April, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Rawaid has filed in this Court copies of the documents that he has provided to the USCIS. Those documents include copies of his tax returns and driver's license, as well as other documents with personal identifiers. The Court will order that those exhibits be sealed.